# EXHIBIT 8



↖ PRESIDENTIAL ACTIONS

# Preventing Abuses of the Legal System and the Federal Court

Presidential Memoranda | March 22, 2025

MEMORANDUM FOR THE ATTORNEY GENERAL

THE SECRETARY OF HOMELAND SECURITY

SUBJECT: Preventing Abuses of the Legal System and the Federal Court

Lawyers and law firms that engage in actions that violate the laws of the United States or rules governing attorney conduct must be efficiently and effectively held accountable. Accountability is especially important when misconduct by lawyers and law firms threatens our national security, homeland security, public safety, or election integrity.

Recent examples of grossly unethical misconduct are far too common. For instance, in 2016, Marc Elias, founder and chair of Elias Law Group LLP, was deeply involved in the creation of a false "dossier" by a foreign national designed to provide a fraudulent basis for Federal law enforcement to investigate a Presidential candidate in order to alter the outcome of the Presidential election. Elias also intentionally sought to conceal the role of his client — failed Presidential candidate Hillary Clinton — in the dossier.

The immigration system — where rampant fraud and meritless claims have supplanted the constitutional and lawful bases upon which the President exercises core powers under Article II of the United States Constitution — is likewise replete with examples of unscrupulous behavior by attorneys and law firms. For instance, the immigration bar, and powerful Big Law pro bono practices, frequently coach clients to conceal their past or lie about their circumstances when asserting their asylum claims, all in an attempt to circumvent immigration policies enacted to

protect our national security and deceive the immigration authorities and courts into granting them undeserved relief. Gathering the necessary information to refute these fraudulent claims imposes an enormous burden on the Federal Government. And this fraud in turn undermines the integrity of our immigration laws and the legal profession more broadly — to say nothing of the undeniable, tragic consequences of the resulting mass illegal immigration, whether in terms of heinous crimes against innocent victims like Laken Riley, Jocelyn Nungaray, or Rachel Morin, or the enormous drain on taxpayer resources intended for Americans.

Federal Rule of Civil Procedure 11 prohibits attorneys from engaging in certain unethical conduct in Federal courts. Attorneys must not present legal filings "for improper purpose[s]," including "to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FRCP 11(b)(1). Attorneys must ensure that legal arguments are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." FRCP 11(b)(2). And attorneys must ensure that their statements about facts are "reasonably based" on evidentiary support, or a belief that such evidence actually exists. FRCP 11(b)(3)-(b)(4). When these commands are violated, opposing parties are authorized to file a motion for sanctions. FRCP 11(c). The text of the rule specifically addresses and provides for sanctions for attorneys and their firms as well as for recalcitrant parties given the solemn obligation that attorneys have to respect the rule of law and uphold our Nation's legal system with integrity. Furthermore, Rule 3.1 of the Model Rules of Professional Conduct provides that, "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law."

Unfortunately, far too many attorneys and law firms have long ignored these requirements when litigating against the Federal Government or in pursuing baseless partisan attacks. To address these concerns, I hereby direct the Attorney General to seek sanctions against attorneys and law firms who engage in frivolous, unreasonable, and vexatious litigation against the United States or in matters before executive departments and agencies of the United States.

I further direct the Attorney General and the Secretary of Homeland Security to prioritize enforcement of their respective regulations governing attorney conduct and discipline. *See, e.g.*, 8 C.F.R. 292.1 *et seq.*; 8 C.F.R. 1003.101 *et seq.*; 8 C.F.R. 1292.19.

I further direct the Attorney General to take all appropriate action to refer for disciplinary action any attorney whose conduct in Federal court or before any component of the Federal Government appears to violate professional conduct rules, including rules governing meritorious claims and contentions, and particularly in cases that implicate national security, homeland security, public safety, or election integrity. In complying with this directive, the Attorney General shall consider the ethical duties that law partners have when supervising junior attorneys, including imputing the ethical misconduct of junior attorneys to partners or the law firm when appropriate.

I further direct that, when the Attorney General determines that conduct by an attorney or law firm in litigation against the Federal Government warrants seeking sanctions or other disciplinary action, the Attorney General shall, in consultation with any relevant senior executive official, recommend to the President, through the Assistant to the President for Domestic Policy, additional steps that may be taken, including reassessment of security clearances held by the

attorney or termination of any Federal contract for which the relevant attorney or law firm has been hired to perform services.

I further direct the Attorney General, in consultation with any relevant senior executive official, to review conduct by attorneys or their law firms in litigation against the Federal Government over the last 8 years. If the Attorney General identifies misconduct that may warrant additional action, such as filing frivolous litigation or engaging in fraudulent practices, the Attorney General is directed to recommend to the President, through the Assistant to the President for Domestic Policy, additional steps that may be taken, including reassessment of security clearances held by the attorney, termination of any contract for which the relevant attorney or law firm has been hired to perform services, or any other appropriate actions.

Law firms and individual attorneys have a great power, and obligation, to serve the rule of law, justice, and order. The Attorney General, alongside the Counsel to the President, shall report to the President periodically on improvements by firms to capture this hopeful vision.



NEWS
ADMINISTRATION
ISSUES
CONTACT
VISIT
GALLERY
EOP

THE WHITE HOUSE
1600 Pennsylvania Ave NW
Washington, DC 20500

WH.GOV    Copyright    Privacy    Style Guide    Back to top