# EXHIBIT 17

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEILA BEDI and LYNN COHN, ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES HOUSE OF ) <br>    REPRESENTATIVES COMMITTEE ) <br>    ON EDUCATION AND ) <br>    WORKFORCE, ) <br> ) <br> TIM WALBERG, Committee Chair, in his ) <br>    official capacity, and ) <br> ) <br> BURGESS OWENS, Subcommittee Chair, ) <br>    in his official capacity, ) <br> ) <br> *Defendants*, ) <br> ) <br> NORTHWESTERN UNIVERSITY, ) <br> ) <br> MICHAEL SCHILL, Northwestern ) <br>    University President, in his official ) <br>    capacity, and ) <br> ) <br> PETER BARRIS, Chair of Northwestern ) <br>    University Board of Trustees, in his ) <br>    official capacity, ) <br> ) <br> *Nominal Defendants.* ) | **Case No.:1:25-cv-03837** <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**DEMAND FOR INJUNCTIVE AND DECLARATORY RELIEF** |

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

Plaintiffs SHEILA BEDI and LYNN COHN ("Plaintiffs") filed a *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "Motion") against Defendants the THE UNITED STATES HOUSE OF REPRESENTATIVES COMMITTEE ON EDUCATION AND WORKFORCE, TIM WALBERG, BURGESS OWENS (collectively the "Committee") and against Nominal Defendants NORTHWESTERN UNIVERSITY, MICHAEL SCHILL, and

1

PETER BARRIS (the "Nominal Defendants," and collectively with the Committee, the "Defendants"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiffs' Motion as follows:

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants.

Plaintiffs have provided a basis to conclude that the Committee's demands for information from the Nominal Defendants will violate Plaintiffs rights. Plaintiffs have presented pleadings and evidence in the form of several declarations, outlining the harm the demands will have on clinical faculty, donors to Northwestern University Pritzker School of Law's Bluhm Legal Clinic, and clients to the Bluhm Legal Clinic, and asserting violations of their First, Fifth, and/or Sixth Amendment Rights.

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiffs have presented evidence showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, the Nominal Defendants are required to produced the demanded information to the Committee, leading to the irreparable harm Plaintiffs and their declarants describe.

Accordingly, this Court ORDERS:

1. The Committee's demands in the Committee Defendants' March 27, 2025 Letter to the Nominal Defendants (the "Letter") are stayed.

2. Northwestern University, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from complying with any demands for the information requested

by the Committee Defendants' March 27, 2025 Letter to the Nominal Defendants (the "Letter") until further ruling of the court.

3. Plaintiffs must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

4. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

5. This Temporary Restraining Order without notice is entered at \_\_\_\_\_ A.M. on this \_\_\_\_\_ day of _____ 2025 and shall remain in effect for fourteen (14) calendar days. Any motion to extend this Order must be filed by [DATE].

_____
[JUDGE'S NAME]
United States District Judge