IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEILA BEDI and LYNN COHN, <br><br> *Plaintiffs*, <br><br> v. <br><br> THE UNITED STATES HOUSE OF REPRESENTATIVES COMMITTEE ON EDUCATION AND WORKFORCE, <br><br> TIM WALBERG, Committee Chair, in his official capacity, and <br><br> BURGESS OWENS, Subcommittee Chair, in his official capacity, <br><br> *Defendants*, <br><br> NORTHWESTERN UNIVERSITY, <br><br> MICHAEL SCHILL, Northwestern University President, in his official capacity, and <br><br> PETER BARRIS, Chair of Northwestern University Board of Trustees, in his official capacity, <br><br> *Nominal Defendants.* | **Case No. 1:25-cv-3837** <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **DEMAND FOR INJUNCTIVE AND DECLARATORY RELIEF** |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE EXCESS PAGES

Plaintiffs SHEILA BEDI and LYNN COHN, by and through their attorneys, hereby move this Court to grant them leave to file their Emergency Motion for a Temporary Restraining Order in excess of fifteen (15) pages. In support, Plaintiffs state:

1. On March 27, 2025, the United States House of Representatives Committee on Education and Workforce (the "Committee") and its Subcommittee on Higher Education and

Workforce Development (the "Subcommittee") issued a letter to Michael Schill, President of Northwestern University, and Peter Barris, Chair of Northwestern University's Board of Trustees (the "Letter"). The Letter demanded the following information:

1. All written policies, procedures, and guidance relating to the function of legal clinics at Northwestern Law, including any written guidance on what constitutes appropriate work, and direction on appropriate client representations;

2. A detailed budget for the Bluhm Legal Clinic, including detailed budgets for its more than 20 clinics and 12 centers.

3. A list of the sources of Bluhm Legal Clinic's funding, including the funding for each of its centers and clinics;

4. A list of all the Community Justice and Civil Rights Clinic's payments to people or groups not employed by Northwestern and any of its clinics and centers since 2020; and

5. All hiring materials and performance reviews for Sheila A. Bedi.

2. The Committee requested that this information be produced "no later than 12:00 p.m. EDT on April 10, 2025". Plaintiffs are employed by Northwestern University Pritzker School of Law as clinical faculty. Plaintiff Bedi is a Clinical Professor of Law and the Director of the Community Justice and Civil Rights Clinic ("CJCR"), that is part of the Bluhm Legal Clinic ("Bluhm Clinic") at Northwestern Pritzker School of Law ("Northwestern Law School"). Plaintiff Cohn is Clinical Professor at the Center on Negotiation, Mediation and Restorative Justice ("Center"), situated in the Bluhm Legal Clinic ("Bluhm Clinic") at Northwestern Pritzker School of Law ("Northwestern Law").

3. Plaintiffs have filed a complaint for declaratory and injunctive relief against the Committee, its signatories, the Committee's Chair Tim Walberg and the Subcommittee's Chair Owen Burgess, and Nominal Defendant Northwestern University. Dkt. 1. This complaint seeks

to enjoin Northwestern University from producing the materials requested in the Committee's letter. *Id.*

4. As laid out in the Complaint, the Committee's request for these documents raises serious constitutional questions. *Id.* These questions have begun to be discussed in detail in related litigation in other District Courts. *See, e.g.*, *Mahmoud Khalil, et al., v. Committee on Education and Workforce,, et al.*, .Case No. 1:25-cv-02079 (S.D.N.Y.); *Huda Fakhreddine, et al., v. University of Pennsylvania, et al.*, Case No. 2:24-cv-01034 (E.D. Pa.); *Jenner & Block LLP v. U.S. Department of Justice, et al.*, Case No. 1:25-cv-00916 (D.D.C.); *Perkins Coie, LLP v. U.S. Department of Justice, et al.*, Case No. 1:25-cv-00716 (D.D.C.).

5. The Local Rules state that a Motion for a Temporary Restraining Order should be fifteen (15) pages in length. N.D. Ill. R. 7.1.

6. To provide the Court with a complete picture of the legal and constitutional issues implicated by the Letter and the harm to Plaintiffs and others by the potential disclosure of the requested information in their Motion for a Temporary Restraining Order, Plaintiffs require more than the 15 pages permitted for such a motion by the Local Rules.

7. Plaintiffs respectfully requests that they be permitted to file a 67-page Motion for a Temporary Restraining Order.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request this Court grant their motion for leave to file their Motion for a Temporary Restraining Order in excess of 15 pages and grant such further relief as this Court deems just and equitable.

Dated: April 9, 2025                                                           RESPECTFULLY SUBMITTED,

                                                                                            By: /s/ Jon Loevy
                                                                                            *Counsel for Plaintiffs*

*Counsel for Cohn*                              *Counsel for Bedi*

Amanda S. Yarusso
1180 N. Milwaukee Ave.
Chicago IL, 60642
(773) 510-6198
amanda.yarusso@gmail.com

*Counsel for Cohn*
Nora Snyder
People's Law Office
1180 N. Milwaukee Ave.
Chicago IL, 60642
773-235-0070
norasnyder@peopleslawoffice.com

Baher Azmy
Maria LaHood
*Pro Hac Vice* Applications Forthcoming
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
BAzmy@ccrjustice.org
mlahood@ccrjustice.org

*Counsel for Bedi*
Jon Loevy
Tara Thompson
Elizabeth Wang
Heather Lewis Donnell
Steve Art
Theresa Kleinhaus
Julia Rickert
Jordan Poole
Stuart Chanen
*Cooperating Counsel*
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012