**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHEILA BEDI, *et al.*,<br><br>                           *Plaintiffs*,<br><br>     v.<br><br>THE UNITED STATES HOUSE OF<br>REPRESENTATIVES COMMITTEE ON<br>EDUCATION AND THE WORKFORCE, *et al.,*<br><br>                    *Defendants.* | Case No. 1:25-cv-3837-EEB |

## JOINT MOTION TO STAY PROCEEDINGS

The parties respectfully request that the Court stay all proceedings in this matter for a period of 90 days upon entry of the Court's order. As explained below, the interests of efficiency and judicial economy counsel in favor of the Court staying this case.

## BACKGROUND

On March 27, 2025, the Committee on Education and Workforce of the U.S. House of Representatives (Committee), its Chairman Tim Walberg, and its Subcommittee Chairman Burgess Owens (collectively, Congressional Defendants), sent a letter to Northwestern University requesting several categories of documents by noon EDT on April 10. The day before the deadline, Plaintiffs filed this suit against Congressional Defendants and against nominal defendants Northwestern University and two of its officials (collectively, Northwestern Defendants), seeking to enjoin the production of records responsive to Congressional Defendants' March 27 requests. ECF No. 1. That same day, Plaintiffs also filed an Emergency Motion for Temporary Restraining Order (TRO). ECF No. 6. On April 10, Judge Andrea R.

Wood, the presiding emergency judge, set a hearing on Plaintiffs' TRO motion for 10 a.m. CDT. Shortly before the hearing began, Congressional Defendants filed a Notice with the Court indicating that they had sent a letter to Northwestern University withdrawing their March 27 requests and that they were no longer seeking any response to their March 27 letter. ECF No. 20.

During the hearing, counsel for Congressional Defendants reiterated that "the formal request has been withdrawn, and this is not a cover for and there is not going to be any informal behind-the-scenes request for these same documents to get these from Northwestern. I want to be as clear as I can. The Committee is not seeking these documents anymore, period." April 10, 2025, Hr'g Tr. at 9-10. Based on those representations, Judge Wood denied Plaintiffs' TRO motion as moot. ECF No. 23.

Since that time, Congressional Defendants have not requested and Northwestern Defendants have not produced any documents pertaining to the March 27 requests. The Congressional Defendants further agree that that they are not going to request the information sought in the March 27 letter formally, or through any other means, informal or otherwise, in the next ninety (90) days.[1]

On April 17, the Court set a status hearing for July 15 and ordered that a Joint Status Report be filed by July 8. On May 9, Plaintiffs sent waiver of service forms to Northwestern Defendants. Congressional Defendants were served on May 23, and the U.S. Attorney's Office for the Northern District of Illinois was served on May 28. Barring the Court granting the relief sought by this motion, Northwestern Defendants' response to Plaintiffs' Complaint is due on

---

[1]         Congressional Defendants' letter dated April 10 withdrawing its March 27 requests stated that the Congressional Defendants "expect[ed] to pursue other means of inquiry in coming weeks as part of Congress' oversight authority." Dkt. 20-1. The Congressional Defendants confirm that they are not going to "pursue other means of inquiry" to obtain the information requested in their March 27 letter during the next 90 days.

July 8, *see* Fed. R. Civ. P. 12(a)(1)(A)(ii), and Congressional Defendants' response to Plaintiffs' Complaint is due on July 28, *see* Fed. R. Civ. P. 12(a)(2).

## <u>ARGUMENT</u>

To promote efficiency and judicial economy, the Court should stay all proceedings for 90 days. The Court's authority "to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In ruling on a motion to stay proceedings, a court must "weigh competing interests and maintain an even balance." *Id.* at 255.

Here, weighing the competing interests favors granting the parties' request for a stay of proceedings. As Congressional Defendants have represented in their Notice and at the TRO hearing, the Committee has withdrawn its March 27 requests and is no longer seeking the requested records. Accordingly, a stay of proceedings would avoid premature and unnecessary briefing and judicial consideration of a dispute that may no longer exist between the parties. The 90-day stay will provide time for the parties to meet and confer about whether the entire case can be resolved without the need for the Court's intervention. As a result, the Court should stay all proceedings in this matter for 90 days.

Should the parties be unable to reach a resolution, they will file a joint status report by the end of the 90-day period. If necessary, the parties propose that litigation resume after the stay expires, with Defendants' responses to Plaintiffs' Complaint due 60 days after the expiration of the stay.

A proposed order is attached.

Respectfully submitted,

/s/ Matthew Berry
MATTHEW BERRY (VA Bar No. 42600)
   *General Counsel*
OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O'Neill House Office Building
Washington, D.C. 20515
(202) 225-9700 (telephone)
Matthew.Berry@mail.house.gov

*Counsel for Congressional Defendants*

s/ Amanda Yarusso
*Counsel for Cohn*
Amanda S. Yarusso
1180 N. Milwaukee Ave.
Chicago IL, 60642
(773) 510-6198
amanda.yarusso@gmail.com

Nora Snyder
Brad Thomas
People's Law Office
1180 N. Milwaukee Ave.
Chicago IL, 60642
773-235-0070
norasnyder@peopleslawoffice.com
brad@peopleslawoffice.com

*Counsel for Bedi*
Baher Azmy
Maria LaHood
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
BAzmy@ccrjustice.org
mlahood@ccrjustice.org

s/ Heather Lewis Donnell
*Counsel for Bedi*
Tara Thompson
Elizabeth Wang
Heather Lewis Donnell
Steve Art
Stuart Chanen
*Cooperating Counsel*
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012

/s/ Yeugenia Shvets
*Counsel for Northwestern Defendants*
Yeugenia Shvets
Ivona Josipovic
Grant Simon
DEBEVOISE AND PLIMPTON
66 Hudson Blvd
New York, NY 10001
(212) 909-6000

4

jshvets@debevoise.com

June 20, 2025

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHEILA BEDI, *et al*., | |
| *Plaintiffs*, | |
| v. | Case No. 1:25-cv-3837-EEB |
| THE UNITED STATES HOUSE OF REPRESENTATIVES COMMITTEE ON EDUCATION AND THE WORKFORCE, *et al.,* | |
| *Defendants.* | |

## <u>ORDER</u>

UPON CONSIDERATION OF the Joint Motion to Stay Proceedings, it is:

ORDERED that the Motion is GRANTED.

It is further ORDERED that all proceedings in this matter are hereby STAYED for 90 days after the date of entry of this ORDER; that the July 8, 2025 deadline to file a Joint Status Report is hereby VACATED; that the July 15, 2025 status hearing is hereby VACATED; that if the Parties are unable to reach a resolution and the deadlines are not otherwise extended, the Parties must file a Joint Status Report by the end of the 90-day stay period; and that Congressional Defendants' and Northwestern Defendants' responses to Plaintiffs' Complaint are due 60 days after the expiration of the stay.

SIGNED on this _____ day of June, 2025

_____
The HONORABLE ELAINE E. BUCKLO
SENIOR UNITED STATES DISTRICT JUDGE